## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Thuy T. Phan,** § | |
| § | |
| **Plaintiff.** § | |
| § | |
| **v.** § | **CIV. NO.:** |
| § | |
| § | |
| § | |
| **Whole Food Company, Inc.** § | |
| **d/b/a Whole Foods Market** § | |
| § | |
| **Defendant.** § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Whole Food Company, Inc. ("Whole Foods") hereby removes and files this Notice of Removal of the above-captioned action to this Court. In support of this Notice, Whole Foods provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The grounds for removal are set forth below.

## CLAIMS ASSERTED IN THE PETITION

1.      On March 14, 2023, Plaintiff Thuy T. Phan ("Plaintiff") filed suit against Whole Foods in the 19th District Court for the Parish of East Baton Rouge, Louisiana under Cause No. C-72978921 ("State Court Action"). Whole Foods was served on March 22, 2023.

2.      In the State Court Action Petition, Plaintiff seeks to assert three causes of action arising out of her employment with Whole Foods: (1) a state law disability discrimination claim brought under La R.S. 23:322 *et seq*.,[1] (2) a federal law disability claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*., and (3) a federal cause of

---

[1] Plaintiff's state law disability discrimination action falls under the Louisiana Employment Discrimination Law ("LEDL") statutory framework. *See* La. R.S. 23:301, *et seq*.

action brought under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*. *See* Pet. ¶ 5, attached as **Exhibit 1**. According to the Petition, all three claims arise from Whole Foods's alleged failure to accommodate the Plaintiff following leave from a medical procedure performed on Plaintiff's right leg in or around March of 2021. Pet. ¶¶ 3-4.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of the State Court Action docket and all pleadings, motions, and orders in the State Court Action are attached hereto as **Exhibits 1 and 2.**[2]

4.      This Removal Notice is timely and within the thirty-day time period provided under 28 U.S.C. § 1446(b).

5.      This Removal Notice is properly filed in this District because East Baton Rouge Parish lies within the geographical boundaries of the United States District Court for the Middle District of Louisiana. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 98(b).

6.      No other defendant has been joined or served with the Complaint filed in the State Court Action, and no other consent is required to remove this State Court Action. *See* 28 U.S.C. § 1446(b)(2).

7.      Promptly after filing this Notice, Whole Foods will serve this Notice on Plaintiff's counsel of record in the State Court Action and file a copy of this Notice with the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

8.      Accordingly, the above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

## SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION)

---

[2] The state court docket sheet attached as **Exhibit 2** referenced two entries on April 3, 2023 reflecting a "Joint Motion to Dismiss With Prejudice." The undersigned has confirmed with the court's staff attorney that those docket entries were entered in error, and that the lawsuit remains pending in the state court.

9. Removal is proper under 28 U.S.C. §§ 1331 and 1441 based on federal question jurisdiction because the Petition affirmatively asserts the ADA and the FMLA as federal statutory bases for recovery. Federal question jurisdiction exists under 28 U.S.C. § 1331 "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (internal quotation omitted). Under the well-pleaded complaint rule, a claim "arises under federal law when the plaintiff's statement of his own cause of action shows that it is based upon federal law or the Constitution." *Mathis v. Pinnacle Entm't, Inc.*, No. 11-2199, 2014 WL 2880217, at *6 (M.D. La. June 23, 2014) (citing *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014)).

10. Here, Plaintiff's State Court Petition recounts alleged violations of the ADA and FMLA, and further seeks affirmatively relief under those same two statutes. Pet. ¶ 5 ("Petitioner thus shows she was unlawfully discriminated against . . . in violation of . . . 42 U.S.C. § 12101, *et seq.*, and/or the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*"); Pet. ¶ 10 ("Petitioner further shows that she is entitled to recover from the defendant the above-mentioned damages . . . in accordance with the Americans with Disabilities act of 42 U.S.C. § 12101, et seq., and/or the Family and Medical Leave Act of 1993, 29 U.S.C.A. § 2601, *et seq.* . . . ."). Plaintiff's affirmative assertion of those federal statutory causes of action removes any doubt that Plaintiff's request for relief depends on resolution of questions under federal law. *See, e.g.*, *Roush on behalf of E.R. v. Alexander*, No. 21-528-JWD-RLB, 2022 WL 846807, at *7 (M.D. La. Feb. 24, 2022) (raising a claim under the Americans with Disabilities Act "is sufficient for an exercise of subject matter jurisdiction under 28 U.S.C. § 1331."); *Gautreau v. EnLink Midstream Operating GP, LLC*, No. 18-988-JWD-EWD, 2018 WL 6710036, at *2 (M.D. La. Nov. 26, 2018) ("Because Plaintiff's Petition states facts that set forth claims . . . under the FMLA, a federal law, this Court has original

federal question jurisdiction."). In consideration of the claims presented in the State Court Petition as they existed at the time of removal, Plaintiff's invocation of both the ADA and the FMLA are adequate to support this Court's federal question jurisdiction.

11.     In addition, this Court has supplemental jurisdiction over the sole remaining state law disability discrimination claim, as it "form[s] part of the same case or controversy" as the predominant federal causes of action asserted. 28 U.S.C. § 1367(a); *Dunn v. Louisiana Through Dep't of Pub. Safety & Corr.*, No. 20-425-SDD-SDJ, 2021 WL 1196575, at *3 (M.D. La. Feb. 26, 2021). Specifically, both the state and federal actions are predicated upon a common nucleus of operative facts, namely Plaintiff's allegation that Whole Foods terminated her without offering reasonable accommodations upon her return from surgery. *See* Pet. ¶ 4 (citing both state and federal statutes in support of her factual allegations). In addition, Plaintiff's prayer for relief does not limit itself to state court remedies, and instead seeks damages, costs, and attorneys' fees under the ADA and FMLA and "any other provision of state or *federal* law." Pet. ¶ 10 (emphasis added). Thus, Plaintiff's deliberate assertion of a state law disability discrimination claim in parallel with one or more analogous federal causes of action ensures that Plaintiff would "ordinarily be expected to try them in one judicial proceeding." *Leaumont v. City of Alexandria*, 582 Fed. Appx. 407, 409-410 (5th Cir. 2014) (district court retains federal question jurisdiction over parallel assertions of disability discrimination claims under the ADA and La R.S. 23:323); *McCadney v. Hamilton*, No. 13-824-SDD-RLB, 2014 WL 3748294, at *2 (M.D. La. July 30, 2014).

12.     Finally, no exception exists to warrant declining supplemental jurisdiction. 28 U.S.C. § 1367(c). Nothing in Plaintiff's request for relief under the LEDL presents a novel or complex issue of state law. To the contrary, both the Fifth Circuit and federal courts within this district have repeatedly looked to the Americans with Disabilities Act for authoritative guidance

on disability discrimination claims brought under La. R.S. 23:323. *See e.g., Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274 (5th Cir. 1989); *Bell v. Hercules Liftboat Co., LLC*, No. 11-332-JJB, 2012 WL 12895336, at *2 (M.D. La. Aug. 7, 2012) ("Because this statute echoes the Americans with Disabilities Act, 42 U.S.C. § 12112(a), Louisiana courts often look to federal jurisprudence for guidance."); *Scott v. Turner Indus. Grp., LLC*, No. 09-872, 2011 WL 5023840, at *4 (M.D. La. Oct. 19, 2011) ("The ADA and LEDL provide similar rights and remedies, such that Louisiana courts routinely reference federal ADA jurisprudence when considering LEDL claims."). And because the "result of this Court's analysis under either statute must, necessarily, be the same," the predominance of the federal claims over the ancillary state action reaffirms this Court's jurisdiction over this lawsuit. *Crain v. Schlumberger Tech. Co.*, 187 F.Supp.3d 732, 738 (E.D. La. 2016).

13. As required by 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the 19th Judicial District Court Parish of East Baton Rouge. A copy of the Notice of Filing of Notice of Removal is attached to this Notice of Removal as **Exhibit 3**.

## No Waiver of Rights

14. By filing this Notice of Removal, Whole Foods expressly reserves, and does not waive, any and all claims or defenses that may be available to it. Whole Foods does not concede, in any way, that the allegations in the Petition are accurate, that Whole Foods committed any of the violations alleged, or that Plaintiff has asserted any claims upon which relief can be granted or that any recovery or relief is authorized or appropriate. Upon removal, Whole Foods will respond separately to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, Whole Food Company, Inc. respectfully removes this action, presently pending in the 19th Judicial District of the Parish of East Baton Rouge under Case No. C-

72978921, to the Middle District Court of Louisiana.

Dated this **12th day** of April, 2023.

                Respectfully submitted,

                */s/ Russell L. Foster*

                **Russell L. Foster**
                Louisiana Bar Roll # 26643
                **Elizabeth C. Griffin** #40569
                **CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX LLC**
                1100 Poydras Street
                Suite 3100
                New Orleans, LA 70163
                Telephone: 504.585.3800
                Facsimile:  504.585.3801
                Foster@carverdarden.com
                Griffin@carverdarden.com

                *And:*

                **Kelley Edwards** (*Pro hac vice admission to be filed*)
                Texas State Bar No. 24041775
                kedwards@littler.com
                **Jay Zhang** (*Pro hac vice admission to be filed*)
                Texas State Bar No. 24110574
                jzhang@littler.com
                **LITTLER MENDELSON P.C.**
                1301 McKinney Street, Suite 1900
                Houston, TX 77010
                713.951.9400 (Telephone)
                713.951.9212 (Telecopier)
                **Attorneys for Defendant Whole Food Company, Inc.**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing instrument has been served upon Plaintiff by electronic mail and certified mail, return receipt requested, on this 12th day of April 2023.

Paul B. Lambremont  
4550 North Boulevard, Ste. 220  
Baton Rouge, LA 70806

                                          */s/ Russell L. Foster*  
                                          Russell L. Foster